## No 4941.

### ANTONIO PARTEGAS et al. *v.* STATE NATIONAL BANK.

J. M. Alva, as administrator of the estate of widow Forneret, opened an account in the Louisiana State Bank, which being balanced, July 31, 1862, showed to his credit the sum of $6038 60 for deposits alleged to revert back to 1858. On the twenty-seventh October 1865, said administrator gave a check for said amount in favor of the State Treasurer, which was accepted by the Bank. On the twenty-fifth March 1873, suit was brought by the heirs of Widow Forneret to recover the said balance of deposits in gold, without making any reference to the check for said amount. On the ninth April 1873, they filed a supplemental petition making the accepted check the basis of the action;

Held—That the judgment of the court *a qua*, ordering the check to be paid in United States currency, and not in gold, was correct. But the defendant is only liable for interest from the ninth of April 1873, the day of judicial demand on the check.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J. E. Bermudez,* for plaintiff and appellee. *James McConnell,* for defendant and appellant.

WYLY, J. On thirty-first July 1862, the Louisiana State Bank was owing a balance of deposits of $6038 60 to J. M. Alva, administrator of the succession of Widow F. J. Forneret.

On twenty-seventh October 1865, said administrator gave a check for said amount in favor of the State Treasurer, which was accepted by said bank.

Subsequently, to wit: On twenty-fifth March 1873, the plaintiffs, the heirs of Widow Forneret, joined by J. M. Alva, administrator, brought this suit against the defendant, the successor to Louisiana State Bank, to recover the said balance of deposits, $6038 60 in gold, without making any reference to the check for said amount, which had been accepted by the Louisiana State Bank, and they prayed judgment therefor, with legal interest from twenty-ninth April 1870.

On ninth April 1873, they filed a suplemental petition making the accepted check the basis of their action.

The court gave judgment for the amount claimed, with the interest prayed for, payable in United States currency.

The defendant appealed, and the plaintiff prays for an amendment of the judgment by allowing them to recover in gold the amount thereof.

We think the check accepted by the Louisiana State Bank can be discharged in United States currency, and that the judgment of the court in this respect was correct.

There is error, however, in that part of the decree allowing interest from twenty-ninth April 1870.

There is no evidence that the check accepted by the Louisiana State Bank was ever presented to the defendant for payment, or that there was any demand thereon prior to the ninth April 1873, when in the supplemental petition it was made the basis of judicial demand.

The rule taken on the Louisiana State Bank to pay the $6038 60 in gold into court was never brought to trial, and that was a demand which did not put the defendant in default, because after accepting the check of their depositor, J. M. Alva, administrator, the Louisiana State Bank was only bound thereon, and it is not shown that plaintiffs in rule ever presented that check to defendant for payment.

The defendant is only liable for interest from ninth of April 1873.

It is therefore ordered that the judgment herein be amended by allowing interest to run only from ninth April 1873, and as amended that the judgment be affirmed, appellees paying costs of appeal.